JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Steven Carter ("defendant") appeals from his convictions on two counts of menacing by stalking. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted on three counts of menacing by stalking. Defendant executed a jury waiver and the matter proceeded to a bench trial.
 {¶ 3} The State presented evidence of the following: On or about May 12 and 13, 2003, defendant waved a "dildo"[1] at some juvenile girls on three separate occasions as they walked to and from their high school. According to the girls, the defendant drove up behind them in a black Dodge Neon. He either slowed down or stopped and proceeded to wiggle the object at them for a few seconds and then drive off. The girls were able to obtain defendant's license plate number and reported the incident. One of the girls feared that defendant might kidnap or try to rape or kill her. The other became "really, really scared," was paranoid to walk alone and fearful for the safety of her sister. At trial, both girls positively identified defendant as the person who committed the above described acts.
 {¶ 4} The police traced the license plate number to a black Chevy Geo registered to defendant. Defendant lived in the area where the offenses occurred but denied committing them. He presented pictures of his vehicle and his work time sheets for the relevant time period.
 {¶ 5} The trial court granted defendant's motion for acquittal on count one of the indictment but denied it as to counts two and three. The court found defendant guilty of the two counts and sentenced him accordingly. Defendant appeals, claiming his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, which we will address in turn.
 {¶ 6} "I. The trial court erred in denying appellant's motion for judgment of acquittal pursuant to Criminal Rule 29 as to counts two and three of the indictment because there was absolutely no evidence that the victims in each count suffered mental distress as defined under Ohio Revised Code2903.211(D)(2)(a) or (b)."
 {¶ 7} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 8} Under this assignment of error, defendant argues that his convictions were not supported by sufficient evidence because he claims the evidence did not establish that the victims suffered "mental distress" as defined by R.C. 2903.211(D)(2).
 {¶ 9} R.C. 2903.211(A)(1) provides "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Thus, the elements of this offense can be established if the offender either causes another person to believe he will cause physical harm to them or causes them mental distress.
 {¶ 10} According to the record, defendant targeted the same girls on several occasions making lewd gestures towards them with an artificial phallic object. One of the victims felt defendant might try to kidnap and/or kill or rape her. The other victim said she was "really, really scared" and that defendant's actions made her paranoid, due to the recent murder of a young girl in the Cleveland area. Construing the evidence in a light most favorable to the State, the evidence sufficiently established that the defendant's actions caused both girls to believe that the defendant might cause them physical harm. It is, therefore, unnecessary for us to determine whether there was sufficient evidence to establish that the girls suffered "mental distress" as that term is defined in R.C. 2903.211(D)(2).
Assignment of Error I is overruled.
 {¶ 11} "II. Appellant's conviction on counts 1, 2 and 3 of the indictment is against the manifest weight of the evidence."
 {¶ 12} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} Defendant's convictions were not against the manifest weight of the evidence. Defendant again relies on his belief that the victims did not suffer "mental distress" in arguing that his convictions are against the weight of the evidence. As set forth previously, we find that this element is not necessary to sustain his convictions.
 {¶ 14} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.
[1] An adult sexual apparatus.